UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINCADE ENTERPRISES LLC, et al.,

                    Plaintiffs,

      v.                                          **MEMORANDUM AND ORDER**
                                                    25-CV-0476-SJB-AYS

TOWN OF BROOKHAVEN,

                    Defendant.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

Pending before the Court is Defendant Town of Brookhaven's ("the Town") second motion requesting a premotion conference to dismiss this takings action. (Letter Mot. for Premotion Conf. dated July 25, 2025 ("Def.'s Second PMC Req."), Dkt. No. 18). The Court previously held a premotion conference on the Town's request, (Letter Mot. for Premotion Conf. dated Feb. 20, 2025 ("Def.'s First PMC Req."), Dkt. No. 9), during which it dismissed the Complaint because the dispute was not ripe, but granted leave to amend. (Premotion Conf. Tr. dated May 13, 2025 ("PMC Tr."), at 33:17–34:3; Minute Entry dated May 13, 2025). Plaintiffs Linda Bodkin, Peter Bodkin, and corporate entity Kincade Enterprises LLC (collectively "Plaintiffs") filed an Amended Complaint on July 11, 2025. (Am. Compl. dated July 11, 2025 ("Am. Compl."), Dkt. No. 16). Plaintiffs filed an opposition to the Second PMC Request on August 8, 2025. (Pls.' Letter in Response dated Aug. 8, 2025 ("Pls.' Opp'n"), Dkt. No. 19). As explained below, the second request for a premotion conference is deemed as making the motion for dismissal itself,

and the Court grants the motion. The Amended Complaint is dismissed without prejudice, once again for lack of standing, and without leave to amend.

## FACTUAL BACKGROUND

The following alleged facts are taken from Plaintiffs' Amended Complaint. Plaintiffs have owned the subject property ("the Property") since 1999, some 114,105 square feet in Brookhaven, which they have used to operate a family business. (Am. Compl. ¶¶ 3, 28). Plaintiffs assert that the Town began implementing a Conservation and Management Plan ("CMP") in 2013, (*id.* ¶¶ 19, 30), that was followed by zoning changes in January 2015 to further the goals of the CMP. (*Id.* ¶¶ 20, 23, 33, 34). Plaintiffs allege they had no notice about these changes. (*Id.* ¶ 22). The Town designated the Property as an A-2 Residence District, which requires a lot to be 80,0000 square feet (or roughly two acres) to qualify for a building permit for a single–family home. (*Id.* ¶¶ 22, 35). No non-residential use is permitted on an A-2 designated property, including the subject Property. (*Id.* ¶ 23).

Plaintiffs have recently had several inquiries from potential buyers of the Property. (Am. Compl. ¶ 40). Because of these inquiries, the Plaintiffs met with representatives of the Town sometime in 2024 to discuss whether a commercial structure could be built on the Property. (*Id.* ¶¶ 40–41). At that meeting, which was a "pre-requisite step to the formal application," Plaintiffs allege that the Town told them that a permit for a non-residential structure would not be allowed; as a result, a potential buyer rescinded an offer. (*Id.* ¶¶ 41–42). There are no further details, such as

2

a transcript, about what was actually stated during the 2024 meeting, or any other acts or omissions by the Town alleged in the Complaint.[1]

Plaintiffs do not allege that their current use of the Property is prohibited or that the Property cannot be used for residential purposes in the future. Yet, they allege that because the Property cannot be used for a new commercial use, it "retains no substantial commercial value." (*E.g.*, *id.* ¶¶ 43–44). Therefore, they allege that the Town has eliminated "any beneficial use" of the Property. (*E.g.*, *id.* ¶¶ 1, 68).

The Amended Complaint contains three claims under § 1983 pursuant to both the Fifth and Fourteenth Amendments of the United States Constitution: 1) a violation of substantive due process; 2) a complete regulatory taking under *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992); and 3) a partial regulatory taking under *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104 (1978). (Am. Compl. ¶¶ 45–116).

The Amended Complaint is substantially similar to the original Complaint: none of the underlying facts alleged have changed. The most significant change is the addition of a section entitled "Ripeness – Futility," (*id.* ¶¶ 11–23), presumably intended to address the deficiencies that led to the original dismissal. This section adds several allegations about the legal standard for futility, but does not include any new facts that were not present in the original Complaint. (*Compare id.*, *with* Compl. ¶¶ 14–29). In

---

[1] The Amended Complaint repeatedly refers to the Town's actions of "prohibit[ing] . . . constructing a commercial structure," (Am. Compl. ¶ 80), "refusal to allow the Plaintiffs to develop the Subject Property in any commercial manner," (*id.* ¶ 82), and that the Town "single[d] out the Plaintiffs from similarly situated landowners," (*id.* ¶ 89), among other allegations. But these claims are bereft of any factual details that support drawing such conclusions.

3

other words, these paragraphs contain what amounts to a legal argument explaining why it would be futile for the Plaintiffs to apply formally for an exception or variance to the zoning requirement.  (Am. Compl. ¶ 12).

## DISCUSSION

The Second Circuit has "occasionally approved the practice of construing premotion letters as the motions themselves under appropriate circumstances." *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 217 (2d Cir. 2024) (quotations omitted).  This is such a circumstance.  And, although less common than a District Court denying a dispositive motion, the Second Circuit has also "occasionally affirmed the granting of dispositive motions without full briefing . . . only when the issues were predominantly legal and the complaint had 'substantial deficiencies[.]'"  *Id.* at 217 (quoting *Grossman v. GEICO Cas. Co.*, No. 21-2789, 2022 WL 1656593, at *4 (2d Cir. May 25, 2022)); *e.g.*, *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019) (affirming district court's dismissal by way of premotion letter construed as a motion to dismiss); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (affirming district court's denial of a motion to dismiss made via premotion letter).  The legal and factual issues here are straightforward, there are substantial deficiencies in the Amended Complaint, and the parties have already been heard on the same issues at the premotion conference held in May.  *See Schimkewitsch v. New York Inst. of Tech.*, No. 23–CV-1022, 2024 WL 3811809, at *2 (2d Cir. Aug. 14, 2024); (*e.g.*, PMC Tr. at 3:21–4:25; 27:19–28:14; 29:12–24).  As such, the Town's Second PMC Motion is deemed as having

4

made the motion to dismiss, and the Court dismisses the Amended Complaint for lack of standing.

"[A] district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits." *All. For Env't Renewal v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006). "Article III limits federal judicial power to 'Cases' and 'Controversies,' and standing to sue 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Melito v. Experian Mktg. Sols.* 923 F.3d 85, 92 (2d Cir. 2019) (citation omitted) (quoting *Spokeo v. Robins*, 578 U.S. 330, 338 (2016)).

To establish standing, a plaintiff "must show that she has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). The concrete and particularized injury cannot be 'conjectural' or 'hypothetical.' *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); *see also Spokeo,* 578 U.S. at 339. Relevant to injury in the takings context is the concept of ripeness. "The purpose of the ripeness requirement . . . [is] ensuring that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution." *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 122 (2d Cir. 2014) (citation modified). To that end, "landowners bringing zoning challenges must meet the high burden of proving that [the Court] . . . can look to a final, definitive position from a local

5

authority to assess precisely how they can use their property." *Id.* at 121; *see also Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Twp. of Scott, Pa.* 588 U.S. 180, 189 (2019). This requires a plaintiff to "submit[] a meaningful application . . . . The municipal entity responsible for the relevant zoning laws must also have an opportunity to commit to a position." *Vill. Green At Sayville, LLC v. Town of Islip*, 43 F.4th 287, 297 (2d Cir. 2022). This final decision requirement extends to takings claims and those couched as substantive due process violations. *Id.* at 294.

The Amended Complaint does not cure the deficiencies in the original Complaint. The Amended Complaint broadly gestures at the same "actions" by the Town as in the original Complaint, (*compare* Am. Compl. ¶¶ 67–70; 72–73, *with* Compl. ¶¶ 105–107), but provides minimal details about these actions—leaving the Court to presume the Plaintiffs are referring to some combination of the Town's passing of the CMP, the zoning ordinance, and the informal meeting with Plaintiffs in 2024, as these are the *only* acts alleged as actually taken by the Town. (*E.g.*, Am. Compl. ¶¶ 31–35, 41). Perhaps more importantly, as in the original Complaint, Plaintiffs again have not alleged that they actually applied for a permit, made any appeal on any decision denying such permit, or made any formal request for a variance. Indeed, in the Amended Complaint, Plaintiffs themselves recognize that they must file "at least one meaningful application" for the futility exception to apply. (*Id.* ¶ 17 (quoting *Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester*, No. 11-CV-5608, 2013 WL 135216, at *8 (S.D.N.Y. Jan. 10, 2013))). But they never filed such an application.

6

Nor have Plaintiffs identified any final, definitive position from the Defendants. The closest Plaintiffs come is the allegations about the meeting with the Town in 2024, which was also alleged in the original Complaint, (Compl. ¶ 26), but they still do not claim that this decision was final or definitive. (Am. Compl. ¶¶ 41–42). There is no indication that the Town has committed to a final decision; and the Town's letter request for a second premotion conference suggests the same. (Def.'s Second PMC Req. at 2 ("Since Plaintiffs never applied for relief (or a permit) of any kind, they were never denied the same . . . . their allegations amount to nothing more than, at best, a perceived hostility towards a proposed application.")).

The dispute is plainly still not ripe for adjudication. "[A]t least one meaningful application for a variance" is required before the Court may evaluate "whether . . . all such applications [would] be denied[.]" *Sunrise Detox*, 769 F.3d at 124. This

> final-decision rule is designed to aid courts in understanding exactly how a litigant is being harmed by a land use designation, and to prevent litigants from rushing into federal courts when the harm could be avoided through a local process. [Plaintiff's] failure to attain a final decision on its application by availing itself of the local procedure that could remedy its alleged harm—whatever that may be, since none has yet been articulated— bars it from litigating this claim in federal court.

*Islamic Cmty. Ctr. for Mid Westchester v. City of Yonkers Landmark Pres. Bd.*, 742 F. App'x 521, 525 (2d Cir. 2018); *e.g.*, *Safe Harbor Retreat LLC v. Town of E. Hampton, N.Y.*, 629 F. App'x 63, 65 (2d Cir. 2015) ("Safe Harbor's claims were not ripe because it failed to apply for the special permit that both the building inspector and Zoning Board identified as the appropriate avenue for obtaining the town's permission to operate its facility on its property.").

7

In their opposition, which cites no case law, Plaintiffs made no attempt to argue that the Amended Complaint adequately cured the futility deficiencies—*i.e.*, the failure to seek formal Town approval, the absence of any Town denial, and the absence of a final decision. (*See* Pls.' Opp'n). Yet they still attempt to argue futility based on allegations that are just legal argument dropped into their complaint.[2] (*See* Am. Compl. ¶¶ 11-23). To the extent that the 2024 informal conversations are the factual basis for the alleged futility of making a formal application, that does not establish a ripe dispute. *BMG Monroe I, LLC v. Vill. of Monroe*, 93 F.4th 595, 603 (2d Cir. 2024) ("While the Village Planning Board might have expressed *doubts* about BMG's prospects for receiving a variance, 'mere doubt that [a variance] application would be [granted] is insufficient to establish futility.'" (quoting *Dreher v. Doherty*, 531 F. App'x 82, 83 (2d Cir. 2013)). And even if the doubt were more concrete, the failure to submit a single application forecloses a futility argument. *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 353 & n.7 (2d Cir. 2005).

Having established that Plaintiffs dispute is not ripe, this Court need not— indeed, may not—evaluate the merits. Accordingly, the Complaint is dismissed without prejudice, and without leave to amend. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002) (affirming denial of leave to amend with respect to takings-related claims because of futility, since there was no record of an application for a variance), *abrogated in part on other grounds by Knick*, 588 U.S. at 185.

---

[2] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8

The Clerk of Court is directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  September 18, 2025
       Central Islip, New York